IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Case No. 17-23217-GLT |
| | : | |
| **Lamantia Distributing, Inc.,** | : | |
| | : | **Chapter 7** |
| **Debtor** | : | |

*************************************************************************

| | | |
|---|---|---|
| **JAMES R. WALSH, Trustee of the** | : | |
| **Bankruptcy Estate of Lamantia** | : | |
| **Distributing, Inc.,** | : | |
| | : | **Doc. No. ___** |
| **Movant** | : | |
| | : | **Hearing Date & Time:** |
| v. | : | **January 18, 2018 at 1:30 PM** |
| | : | |
| **Lamantia Distributing, Inc.,** | : | |
| | : | |
| **Respondent** | : | |

*************************************************************************

**TRUSTEE'S MOTION TO SELL PERSONALTY FREE AND CLEAR OF THIRD PARTY INTERESTS, LIENS, CLAIMS, CHARGES AND/OR ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b)**

**COMES NOW** the Trustee, James R. Walsh, Esquire, by and through his counsel, James R. Walsh, Esquire, Kevin J. Petak, Esquire, and Spence, Custer, Saylor, Wolfe & Rose, LLC, and does file the within Motion to Sell Personalty Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances Pursuant to 11 U.S.C. § 363(b), upon a cause whereof the following is a statement, to wit:

1.  The Debtor, Lamantia Distributing, Inc., ("Debtor") is a corporate entity organized and existing under the laws of the Commonwealth of Pennsylvania, which commenced the instant case by filing a voluntary petition for relief pursuant to the provisions of Chapter 7 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on August 9, 2017.

1

2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. The Movant, James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Lamantia Distributing, Inc. (the "<u>Trustee</u>") is the Chapter 7 Trustee of said Bankruptcy Estate, and has a mailing address in care of Spence, Custer, Saylor, Wolfe & Rose, LLC, 1067 Menoher Boulevard, Johnstown, PA 15905.

4. The United States Trustee appointed the Trustee to serve as Interim Trustee in the above-captioned case pursuant to 11 U.S.C. § 701

5. The Trustee conducted the § 341 meeting of creditors and serves as Trustee pursuant to 11 U.S.C. § 702(d).

6. Respondent, Lamantia Distributing, Inc. is the Debtor in the above-captioned case and has a mailing address for purposes of the within action in care of Robert Caruso, President, 60 W. Chestnut Street, Blairsville, PA 15717, with additional notice to counsel, Forrest B. Fordham, III, Esquire, Highland Commons 2nd Floor, 351 Budfield Street, Johnstown, PA 15904.

7. Among the assets of the estate are three (3) automobiles ("<u>Automobiles</u>"): a 2003 International Beer Truck bearing vehicle identification number 1HTMPAFL83H585410; a 2008 Ford E250 Cargo Van bearing vehicle identification number 1FTNE24W78DA82024; and a 2015 Ford Transit Van bearing vehicle identification number 1FTYE9ZM4FKA30713.

8. Pursuant to 11 U.S.C. § 541, upon the commencement of the above-captioned case, the Debtor's interest in the Automobiles vested in the estate by operation of law.

9. The Trustee's investigation into this matter reveals that the following parties have liens against the Automobiles:

| Name of Lienholder | Nature of Lien |
|---|---|
| NONE | NONE |

10. The Trustee sought the retention of Fred Fall of Fall Liquidations ("Liquidator") to assist the Trustee/Bankruptcy Estate in the liquidation of the Automobiles. Currently pending before the Court is the Trustee's Application to Employ Fred Fall of Fall Liquidations as Liquidator of Estate Assets with the same being filed on November 28, 2017, with responses due no later than December 15, 2017 and a hearing set for January 4, 2018 at 10:00 a.m.

11. Through the efforts of the Liquidator, the Trustee has received an offer to purchase the Automobiles from Brian George of 401 Wildwood Road, Verona, PA 15147 for a total of $13,000.00. Based on the recommendations of the Liquidator, in light of the condition, high mileage and age of the vehicles and in light of the fact that the 2003 International Beer Truck has a limited resale market, the Trustee is selling the Automobiles as a "lot." The offer received is for all three (3) Automobiles together and any sale of the same will be for all three; there will be no individual bidding at the time of sale.

12. The proposed purchaser has no relationship to the Debtor, its principals and/or the Trustee.

13. The Trustee believes and therefore avers that the best interests of the estate and its creditors will be served by this Court, pursuant to 11 U.S.C. § 363(b), authorizing the sale of the Automobiles, free and clear of all third party interests, liens, claims,

charges and/or encumbrances against the same, specifically including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory liens, exemptions and/or security interests of the Respondents hereto as set forth above, if any.

14. To assure that the sale is a sale for the market value of the Automobiles, higher and better offers for said motor vehicles will be accepted at the time of the hearing on the sale of said Automobiles.

15. The Trustee believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this estate, and that a higher and better price would not be obtained through continued marketing of the Automobiles.

16. The Trustee believes and therefore avers that the buyers to be solicited at the sale will be good faith buyers, entitled to all of the protections and benefits accorded such buyers pursuant to 11 U.S.C. § 363(m). In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d. Cir. 1986).

17. The Automobiles will be sold free and clear of all liens, security interests, claims, charges, interests, and all encumbrances of any kind or nature whatsoever, all of which shall be divested from the Automobiles and attach to the proceeds of the sale, in the order of their priority.

18. The sale of the Automobiles shall be a sale in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, **including but not limited to implied warranties of merchantability and/or fitness for a particular purpose,** and the participation of the purchaser in the sale process shall constitute an agreement and representation that the buyer has inspected the Automobiles, and is

4

purchasing the same solely on the basis of such inspection, and not as the result of any representation of any kind whatsoever by the Estate/Trustee, or its/their agents, except as otherwise set forth herein.

19. The successful buyer shall be required to deposit a nonrefundable deposit in the minimum amount of twenty percent (20%) of the purchase price at the time of the approval of the sale by this Court, with the balance to be paid within thirty (30) days from the date the Order of Sale becomes final, **TIME BEING OF THE ESSENCE**, with all such payments to be via cash, certified check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel.

20. Possession and title shall be delivered at the closing, which shall occur within said time frame at a mutually agreeable time at the offices of James R. Walsh, Esquire, Spence, Custer, Saylor, Wolfe and Rose, LLC, 1067 Menoher Boulevard, Johnstown, PA 15905, or such other location as may be agreed upon by the parties.

21. The Trustee has not promised, nor has he been promised, any consideration for the sale proposed herein, except as set forth herein.

22. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

23. In the event of the failure of the purchaser to close within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in his sole and exclusive discretion, may accord to the purchaser), for other than the inability/refusal of

the Trustee to close, the Trustee may, at his option, declare a default, retain the deposit for the benefit of the estate, and re-sell the vehicle, in which case the purchaser shall be liable for any deficiency, unless said failure and/or refusal to close is the result of the failure of the Trustee/estate to have complied with the terms of this Motion and related Order

24. Sales taxes, if any are due as a result of the sale, shall be paid by the buyer.

25. The proceeds of the sale of the Automobiles shall be used as follows, to wit:

    a. First, to the costs of sale, specifically including but not limited to payment for advertising, printing, mailing and notice fees; Trustee's/the estate's counsel fees and expenses incurred in assisting in and negotiating the terms of the sale of the motor vehicles, in filing and drafting the sale motion, representing the estate at the hearing and obtaining an order authorizing the sale, Bill of Sale preparation fees and closing on the same (which fees shall be reserved for but not paid out until such fees are approved by the Court after Motion duly filed, notice and a hearing), and other such closing costs as may be properly incurred to effect said closing; and

    b. The Liquidator, Fred Fall of Fall Liquidations, shall receive ten percent (10%) of the gross sale proceeds of the initial offer, which will total $1,300.00, as a commission for services rendered herein.

6

        The Trustee is specifically authorized by the Court to remit payment on the same at the time of closing.

   c.   The remaining funds shall be retained by Trustee's counsel in an estate account pending further Order of Court as to the distribution of the same.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order of Court approving the sale described above, and further, he does authorize his counsel to file the within Motion on his behalf.

Dated: <u>December 12, 2017</u>

Respectfully submitted,

SPENCE, CUSTER, SAYLOR,
WOLFE & ROSE, LLC

By:    */s/ Kevin J. Petak*,
James R. Walsh, Esquire
Pa. ID. # 27901
Kevin J. Petak, Esquire
Pa. ID. # 92154
1067 Menoher Boulevard
Johnstown, PA 15905
JWalsh@spencecuster.com
kpetak@spencecuster.com
*Counsel for Trustee*

7